**IN THE COURT OF APPEALS OF IOWA**

No. 24-0275
Filed March 5, 2025

**CHARLES DAVID BROWN,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

 An applicant appeals the denial of postconviction relief from his convictions for intimidation with a dangerous weapon, willful injury causing serious injury, possession of a firearm as a felon, and interference with official acts while armed with a firearm. **AFFIRMED.**

 Jane M. White of Boles Witosky Stewart Law PLLC, Des Moines, for appellant.

 Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

 Considered by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

As a result of shooting a man in the leg and then fleeing from investigating officers, Charles Brown was convicted of four offenses: intimidation with a dangerous weapon, willful injury causing serious injury, possession of a firearm as a felon, and interference with official acts while armed with a firearm. *See State v. Brown*, No. 19-1377, 2021 WL 4304229, at *1–2 (Iowa Ct. App. Sept. 22, 2021). Brown applied for postconviction relief, arguing that he received ineffective assistance of counsel before and during the jury trial on those charges. And after a one-day bench trial, the district court found that Brown failed to prove his ineffective-assistance-of-counsel claims and denied him postconviction relief.

On appeal, Brown narrows his argument. He contends that we should reverse the district court's findings on three of his ineffective-assistance claims, which all turn on one witness—the victim's daughter—who had a house neighboring the victim's. The State first called the witness in its case-in-chief— even though she had not been listed in the minutes of testimony as a potential witness—after Brown's cross-examination of an investigating officer raised questions about whether the witness's house had a security camera. She briefly testified that the camera on her house had not worked for several years.

The State called the witness back again as a rebuttal witness. This time, she testified that she recognized Brown as one of the three people she saw outside the victim's house on the night of the shooting and that she saw him pull out a gun. While Brown's counsel had not realized it while the witness was on the stand, bodycam video shows that the witness had told officers "I don't know who they are; I just seen some kids." According to the prosecutor, after seeing Brown during her

first visit to the courtroom, she realized that she recognized him and informed the prosecutor, resulting in his decision to call her again.

So Brown argues that his counsel was ineffective for twice failing to object to the State calling the witness—the first time, because she was not listed in the minutes and the second, because she should have been listed as a rebuttal alibi witness under Iowa Rule of Criminal Procedure 2.11(11)(a) (2019). And Brown argues that his counsel was also ineffective for failing to cross-examine the witness about her prior statements that he contends contradicted her identification of him at trial.

But on our de novo review, we agree with the district court that Brown has failed to show "that counsel breached an essential duty and that constitutional prejudice resulted." *Smith v. State*, 7 N.W.3d 723, 725–26 (Iowa 2024); *see also Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that prejudice exists only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). As detailed in the district court's thorough and well-reasoned opinion, Brown's counsel did not breach any essential duty—no objection to the testimony could have succeeded and the witness was not inconsistent. And we see no reasonable possibility of a different result if the witness had not testified given Brown's identifications by two other eyewitnesses and much circumstantial evidence.

Because a full opinion would neither give the parties better reasoning than they have already received from the district court nor advance development of the law, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**